UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD E. THOMAS,

    Plaintiff,

vs.                                          Case No.  3:11-cv-288-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") on May 2, 2007, alleging an inability to work since March 1, 2007.  (Tr. 28, 88-90).  The Social Security Administration ("SSA") denied the application initially and upon reconsideration.  (Tr. 45-50).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on February 11, 2009.  (Tr. 99-111).  On March 9, 2009, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 25-30).  Plaintiff requested review of the ALJ's decision by the Appeals Council (the "AC") on

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 18).

March 24, 2009.  (Tr. 13).

On December 3, 2010, the AC granted Plaintiff's request for review and issued a Notice of Appeals Council Action.  (Tr. 93-98).  The AC informed Plaintiff of its intention to affirm the ALJ's decision that Plaintiff was not entitled to a period of disability and/or DIB based on his earnings record pursuant to his May 2, 2007 application.  (Tr. 94).  The AC explained that it planned to issue a corrective decision finding Plaintiff still did not qualify for a period of disability and/or DIB, but for a reason different than the one provided by the ALJ.  (Tr. 94-95).  Specifically, the AC indicated the ALJ had improperly concluded Plaintiff did not have sufficient quarters of coverage to be fully insured.  (Tr. 94).  The AC stated Plaintiff was fully insured, however, Plaintiff nevertheless did not qualify for a period of disability and/or DIB because he did not meet the "20/40" requirement, i.e., Plaintiff did not have twenty Social Security credits during the ten-year period ending with the quarter in which Plaintiff alleged disability.  (Tr. 94).  Rather, Plaintiff only had fifteen of the required twenty credits.  (Tr. 94).

Accordingly, on January 26, 2011, the AC issued its corrective decision affirming the ALJ's decision that Plaintiff was not entitled to a period of disability and DIB.  (Tr. 6-12).  Plaintiff timely filed his Complaint in the U.S. District Court on March 25, 2011. (Doc. 1).

## II.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Richardson, 402 U.S. at 401 and Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

  **B.** **Issues on Appeal**

Plaintiff's brief is rather difficult to decipher,[2] however, it is clear Plaintiff disputes the Appeals Council's decision to deny him benefits based on his failure to have

---

[2] In his brief, Plaintiff makes some mention of the ALJ's failure to employ the five step analysis and his failure to scrutinize the entire record.  However, such failure is not error as the ALJ is not required to do either if the claimant does not first qualify for benefits, as was the case here.

sufficient quarters of coverage.[3]  Specifically, Plaintiff seems to be arguing the ALJ erred in failing to consider whether Plaintiff had a disability before the age of thirty. (Doc. 22, p.9).

In order to qualify for disability insurance benefits, a claimant must achieve disability insured status.  The regulations provide that to have disability insured status, a claimant (1) must be fully insured and (2) must satisfy the requirements of one of the four rules in 20 C.F.R. § 404.130.  Dawkins v. Bowen, 848 F.2d 1211, 1215 (11th Cir. 1988).  To be considered fully insured, a claimant must have at least forty QCs or at least one QC for each year after he reaches age twenty-one.  See 20 C.F.R. § 404.110. Here, the ALJ found Plaintiff did not have sufficient QCs to meet the fully insured requirement.  (Tr. 29).  However, the Appeals Council reversed that finding and noted that based on Plaintiff's date of birth, September 19, 1966, and alleged onset date of March 1, 2007, Plaintiff needed nineteen QCs to be fully insured.  (Tr. 94).  As Plaintiff had thirty-two QCs, he met the requirement and was fully insured.  Id.

However, as noted above, being fully insured is only one part of the test for obtaining disability insured status.  In addition to being fully insured, a claimant must also satisfy the requirements of one of the four rules in 20 C.F.R. § 404.130.  The four rules are:  (1) the claimant satisfies the 20/40 requirement, (2) the claimant became

---

[3] Quarters of coverage ("QCs") are the basic units used by the SSA to determine a worker's insured status. 20 C.F.R. § 404.140(a). Claimants are credited with QCs based on their earnings in the social security system. See 20 C.F.R. § 404.140(b) and (c). QCs are credited for each part of total covered earnings in a calender year that equals the amount required for a QC in that year. See 20 C.F.R. §§ 404.140(c) and 404.143. The amount required for a QC has increased each year since 1978 based on a formula and is shown on the earnings record. No more than four QCs can be credited for any calender year. See 20 C.F.R. § 404.143(a).

disabled before age thirty-one, (3) the claimant had a period of disability before age thirty-one, and (4) the claimant is statutorily blind. 20 C.F.R. § 404.130(b)-(e). As Plaintiff is not blind and alleged his disability began on March 1, 2007, when he was forty years of age, the Appeals Council determined the only relevant rule for Plaintiff was the 20/40 rule.

The 20/40 rule requires a claimant to have at least twenty QCs in the forty-quarter period which ends with the quarter in which the disability occurred. 20 C.F.R. § 404.130(b). As Plaintiff's disability began in March 2007, the forty-quarter period began in April 1997. Therefore, Plaintiff needed twenty QCs during the period from April 1997 through March 2007. Here, the Appeals Council found Plaintiff did not satisfy the 20/40 rule because he only had fifteen QCs during the relevant period. (Tr. 7, 98). As Plaintiff has not argued any error in that determination and the record does not demonstrate such, the Court finds the Appeals Council did not err in finding Plaintiff failed to satisfy the 20/40 rule.

Plaintiff argues the ALJ erred by finding he had insufficient QCs by not considering all information from his prior filings. Plaintiff discusses several documents, which he contends demonstrate he had a disability starting before he turned thirty. As such, it appears Plaintiff is contending the Commissioner should have utilized a different rule in determining whether he qualified for disability benefits. As noted above, the second rule provides that a claimant may achieve insured status if he became disabled before age thirty-one. 20 C.F.R. § 404.130(c). This rule provides:

> You are insured in a quarter for purposes of establishing a period of disability or becoming entitled to disability insurance benefits if in that quarter--

5

> (1) You have not become (or would not become) age 31;
> (2) You are fully insured; and
> (3) You have QCs in at least one-half of the quarters during the period ending with that quarter and beginning with the quarter after the quarter you became age 21 . . .

20 C.F.R. § 404.130(c). The problems with Plaintiff's argument are many. First, Plaintiff turned thirty-one on September 19, 1997. Plaintiff has never alleged he became disabled prior to September 19, 1997. Plaintiff's first application, filed on March 15, 2003, alleged a disability beginning on December 8, 1999. (Tr. 28). His second application alleged disability starting on January 27, 2000. Id. Plaintiff's third application alleged disability beginning January 1, 2001. Id. Finally, the present application indicated Plaintiff became disabled on March 1, 2007. (Tr. 28, 88-90).

Additionally, a review of Plaintiff's earnings shows that the year before he turned thirty-one, in 1996, he earned $8,884.00 and the year he turned thirty-one, in 1997, he earned $10,788.00. (Tr. 11, 98). The fact that Plaintiff was able to engage in substantial gainful activity during the years 1996 and 1997 means he was not disabled within the meaning of the Act during at least those years. See 20 C.F.R. § 404.1574(b)(2). Furthermore, there is no indication from Plaintiff that his condition improved prior to 1996, instead, he seems to claim it has always affected him. This fact, coupled with Plaintiff's ability to engage in substantial gainful activity in 1996 and 1997, leads the Court to the conclusion that Plaintiff was not disabled prior to September 19, 1997, his thirty-first birthday.

Moreover, even if Plaintiff could establish he became disabled before he turned thirty-one, he would still not meet the requirements of the second rule. This rule makes an individual eligible for benefits if he qualified for a QC in one-half of the calendar

quarters between his twenty-first and thirty-first birthdays. 20 C.F.R. § 404.130(c). As there are forty QCs between Plaintiff's twenty-first and thirty-first birthdays, Plaintiff would need twenty QCs between September 19, 1987 and September 19, 1987. During that period, Plaintiff only has fourteen QCs and therefore, would not be able to satisfy the requirements of the second rule. (Tr. 98).

To the extent Plaintiff may believe he can satisfy the third rule, which applies if an individual has a closed period of disability before age thirty-one and later became disabled again (see 20 C.F.R. § 404.130(d)), the Court does not agree. In order to establish a period of disability, the claimant must have filed an application no later than fourteen months after his disability ceased, 20 C.F.R. §§ 404.310(a)(3), 404.310(b) and 404.311a(b), and his disability ceased the month in which he regained the ability to engage in substantial gainful activity 20 C.F.R. § 404.1539(a)(2). Thus, even if Plaintiff had been disabled prior to September 19, 1997, the fact he was able to engage in substantial gainful activity during 1996 and 1997 would have ended any period of disability that could have begun prior to those years and his first application, which was filed on March 15, 2003 (Tr. 28), was clearly too late under 20 C.F.R. § 404.310(b) to establish any period of disability ending in 1996 or 1997.

Accordingly, the undersigned finds no error in the determination that Plaintiff was not entitled to disability insurance benefits due to his failure to achieve disability insured status.

## IV. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**

pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to enter judgment consistent with this opinion and thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  21st  day of August, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
Counsel of Record